# THE WOOD
### L A W   F I R M ,   P L L C



**WWW.THEWOOD**LAWFIRM.COM

*Sheryl R. Wood, Esq. is licensed to practice law in MD, DC and NY*

February 14, 2025

Hon. Renee Marie Bumb, Chief U.S.D.J.
Mitchell H. Cohen Building & US Courthouse
4th & Cooper Streets, Room 3D
Camden, NJ 08101

   Re: *Drevenak v. City of Ventnor City, et al.*
     Civil Case No: 1 :22-cv-04917-RMB-SAK

Dear Judge Bumb,

  The undersigned, and Raymond Hamlin, Esq., represent Plaintiff Kayla Drevenak as next friend of minor M.J., who is the sole heir of Ammir Johnson's Estate in the above referenced matter. We respectfully submit this letter in response to the show cause order and in opposition to Defendant City of Ventnor City's letter requesting leave to file a motion to dismiss as it pertains to Plaintiff Drevenak in the above-referenced matter.

  In response to the Court's text order issued on February 11, 2025, Attorneys for Plaintiff Drevenak sincerely apologize for not responding separately to the Court's previous show cause order. Attorneys for Plaintiff Drevenak conferred with Counsel for Plaintiff Medina-Johnson and joined in the correspondence filed by on January 23, 2025. (ECF No. 63. p. 4). Plaintiff Drevenak did not file a separate letter because she recently learned, along with the Defendants, that standing has been established by Plaintiff Medina Johnson through the Letters of Administration that were issued on August 2, 2022. (Docket No. 130591). The letters appointed Plaintiff Amaala Medina Johnson as Administratrix Ad Prosequendum of the Estate of Ammir Muhammad Johnson. This grant of authority appears to conclusively establish Ms. Medina Johnson's legal standing to maintain the present action under 42 USC § 1983. This documentation was provided to counsel for the City of Ventnor City on January 14, 2025; however, until the City abandons its argument that letters of administration have not been obtained by either party, Plaintiff Drevenak is leaving open the possibility that she will have to file letters as next friend of the minor child, who is the sole hair of the decedent.

  Once the letters obtained by Plaintiff Medina-Johnson are found to be sufficient with regard to standing, the Parties intend to seek joinder of the two complaints that were consolidated by the Court. It is imperative to do so since Plaintiff Drevenak pleaded a survival claim and Plaintiff Medina-Johnson did not. Both complaints arise out of the same facts and circumstances and Plaintiff Drevenak does not believe that it is the intention of the Court that either Plaintiff abandon any valid claim against the Defendants due to the fact that only one party may serve as administrator of the Estate. There is no prejudice to the Defendants since they have had notice of all claims since they were timely filed.



# THE WOOD
### L A W   F I R M ,   P L L C

WWW.THEWOODLAWFIRM.COM

-2-

      Plaintiff Drevenak also relied upon the fact that New Jersey law provides that in the case of a plaintiff who is qualified for appointment as administrator ad prosequendum but who was not yet appointed as such at the time the plaintiff commenced an action under this chapter, the court may allow the plaintiff to be designated administrator ad prosequendum and allow the plaintiff to amend pleadings nunc pro tunc relating back to the plaintiff's first filed pleading to reflect the designation. *See* <u>N.J.S.A.</u> 2A:15-3(a)(2) and 2A:31-2(b). If Plaintiff Medina-Johnson's letters do not confer standing, rather than join the two complaints, Plaintiff Drevenak would seek to obtain an appointment as administrator ad prosequendum on behalf of the minor child and would seek to have the appointment relate back to the initial complaint.

      With regard to the City's pre-motion letter to the Court (ECF. No. 57), it does not address Plaintiff Drevenak's survival claim and Plaintiff Medina-Johnson addressed the notice issue in her correspondence to the Court. Given the information articulated in this letter, Plaintiff Drevenak's claims should not be subject to a motion to dismiss. Plaintiff Drevenak's right to seek to become the administrator of the estate are preserved since the minor child's rights have not been renounced in the Surrogate's Court in Atlantic City or elsewhere and she is prepared to exercise those rights to preserve her claims if needed.

      Thank you for your consideration. I can be reached most readily at sw@thewoodlawfirm.com, or you can reach me by voicemail at 202-466-0986.

                          Very truly yours,

                          /s/ Sheryl R. Wood
                          Sheryl R. Wood, Esq.

                          /s/ Daryl K. Washington
                          Daryl K. Washington, Esq.

                          Attorneys for Plaintiff Drevenak
                          Admitted *Pro Hac Vice*

Cc: All Counsel of Record

