IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

KAYLA DREVENAK, AS NEXT FRIEND OF MINOR M.J. AND ON BEHALF OF THE ESTATE OF AMIR JOHNSON, DECEDENT,

    Plaintiff,

v.

CITY OF VENTNOR CITY, MICHAEL ARENA, PIERLUIGI MANCUSO, ROBERT SCARBOROUGH, AND JOHN DOE OFFICERS 1-10,

    Defendants.

Civil No. 22-4917 (RMB-SAK)

**ORDER**

**THIS MATTER** comes before the Court *sua sponte*. For the reasons explained at the March 4, 2025 Status Conference, [Docket No. 80],[1]

---

[1] The sole jurisdictional basis of the complaint filed by Plaintiff Drevenak in the above-captioned matter was federal question jurisdiction under Section 1983 for wrongful death. But only the administrator of a decedent's estate can maintain a Section 1983 action for wrongful death. *Endl v. New Jersey*, 5 F. Supp. 3d 689, 696 (D.N.J. 2014). And it is Plaintiff Amaala Medina-Johnson—the Plaintiff in the consolidated case, *see Medina-Johnson v. Ventnor City Police Dep't, et al.* No. 22-cv-7552—not Drevenak, who has been appointed as *administrator ad prosequendum* of the decedent's estate. [Docket No. 63, Ex. A.] So, Drevenak, as the Court explained on the record, does not have a viable Section 1983 claim on behalf of the decedent's minor child. Accordingly, that claim will be dismissed. With no other jurisdictional basis, Drevenak is left only with supplemental state law claims. The Court "may decline to exercise supplemental jurisdiction" over state law claims if the court "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), and absent extraordinary circumstances, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties

**IT IS**, on this **17th** day of **March 2025**, hereby:

1. **ORDERED** that Plaintiff Kayla Drevenak's Section 1983 claim shall be **DISMISSED WITHOUT PREJUDICE**;

2. **ORDERED** that the Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over Drevenak's state law claims;

3. **ORDERED** that the Clerk of Court shall **TERMINATE** any pending motions in this case and mark the case as **CLOSED**;

4. **ORDERED** that the consolidated action, 22-cv-7552, *Medina-Johnson v. Ventnor City Police Dep't, et al.* shall remain **OPEN**;

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge

---

provide an affirmative justification for doing so," *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). The Court finds no such extraordinary circumstances warranting the exercise of supplemental jurisdiction over Drevenak's remaining state law claims.